UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND M. DOUGLAS,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO POLICE OFFICER RATH – BADGE #610, an officer,<br><br>Defendant. | No. 2:16-cv-2952 TLN AC (PS)<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. The action was accordingly referred to the undersigned, for pretrial proceedings, by E.D. Cal. R. ("Local Rule") 302(c)(21). This case is related to Douglas v. Sacramento County Sheriff's Deputy Huffman – Badge #458, 2:16-cv-2953 TLN AC (E.D. Cal.). ECF No. 7.

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP"). Plaintiff has submitted the affidavit required by Section 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

I. SCREENING

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Here, plaintiff alleges that defendant arrested him without probable cause, on March 23, 2015, at or around 10:30 p.m., while plaintiff was doing nothing wrong.  For screening purposes, the complaint appears to state a claim for unlawful arrest cognizable under § 1983 as a violation of the Fourth Amendment.  See Dubner v. City & County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001) ("[a] claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification").  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.[1]

## II.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2), is GRANTED.
2. The Clerk of the Court is directed to issue and serve on plaintiff the undersigned's Order Setting Status Conference.
3. Service is appropriate for the following defendant: Sacramento Police Officer Rath, Badge # 610.
4. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.
5. The Clerk of the Court shall send to plaintiff: one USM-285 form; one summons for each defendant; one copy of the endorsed filed complaint; and one form for consent to trial by the magistrate judge.
6. Plaintiff is directed to provide to the U.S. Marshal, within 15 days from the date of this order, all information needed by the Marshal to effect service of process, and shall file

---

[1] Since plaintiff has alleged at least one possibly cognizable claim, the action is not dismissible on this screening.  See 28 U.S.C. § 1915(e)(2)(B) (calling for dismissal if "the action" is frivolous or fails to state a claim).  Accordingly, the court will not address plaintiff's other claims here, as defendant can address them at an appropriate time.

<u>a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require, at least:

    a. One completed USM-285 form;

    b. For each defendant,

        i. One completed summons;

        ii. One copy of the endorsed filed complaint;

        iii. One copy of the undersigned's Order Setting Status Conference;

        iv. One copy of the form for consent to trial by the magistrate judge;

        v. One copy of the instant order; and

    c. An extra copy of the endorsed filed complaint for the U.S. Marshal.

7. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on Officer Rath within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

8. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

9. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: February 16, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RAYMOND M. DOUGLAS, | No. 2:16-cv-2952 TLN AC (PS) |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION |
| SACRAMENTO POLICE OFFICER RATH – BADGE #610, an officer, | |
| Defendants. | |

    Plaintiff has submitted the following documents to the U.S. Marshal, in compliance with the court's order filed _____:

    \_\_\_\_ completed USM-285 form

    \_\_\_\_ completed summons form

    \_\_\_\_ copy of the endorsed filed complaint

    \_\_\_\_ copy of the form for consent to trial by the magistrate judge

    \_\_\_\_ copy of the undersigned's Order Setting Status Conference

_____    _____
Date                                                                             Plaintiff's Signature